UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 24-54030-JWC |
| | : | |
| ALEX MUGISHA NUWAGABA, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, | : | |
| Chapter 7 Trustee, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADV. PRO. NO. |
| | : | |
| PEACE KANUSHA NUWAGABA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Alex Mugisha Nuwagaba ("**Debtor**"), through undersigned counsel, and files this *Complaint* against Peace Kanusha Nuwagaba ("**Defendant**"), and respectfully shows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 548, 550, and 551.

2.     This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of the Debtor, Case No. 24-54030-JWC (the "**Bankruptcy Case**" or "**Case**"), pending in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").

4. This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

6. The Defendant and Debtor were married at all relevant times set out in this Complaint.

7. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## Statement of Facts

### a. General Background

8. Debtor initiated the underlying Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on April 22, 2024 (the "**Petition Date**").

9. Trustee is the duly acting Chapter 7 trustee in the Bankruptcy Case.

10. Upon Debtor's filing his voluntary bankruptcy petition under Chapter 7, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1).

11. Trustee is the sole representative of the Bankruptcy Estate.  11 U.S.C. § 323

### b. The Property

12.     Based on Trustee's research, in 2020, Debtor and Defendant sold their jointly owned property located at 332 Meadows Lane, Canton, GA, and used the equity from that sale to purchase that certain real property with a common address of 2080 Lantern Hill Lane, Dacula, GA 30019 (the "**Property**") in the name of Defendant only on December 17, 2020.

13.     On that same day, Defendant transferred one-half interests in the Property to herself and Debtor.

### c. The Transfer

14.     On February 29, 2024, a little less than two months before Debtor filed the instant Bankruptcy Case, Debtor transferred his interest in the Property to Defendant (the "**Transfer**") for no consideration via a quit claim deed (the "**Quit Claim Deed**").

15.     Debtor did not schedule the Transfer on his Statement of Financial Affairs.

16.     The Quit Claim Deed was recorded in the real estate records of the Superior Court of Gwinnett County (the "**Real Estate Records**") on March 4, 2024.

17.     A true and correct copy of the Quit Claim Deed is attached hereto and incorporated herein as Exhibit "A."

18.     Debtor did not receive any money or other value for the Transfer.

19.     The transfer tax recited on the Quit Claim Deed, as recorded, was $0.00.

20.     Upon information and belief, at the time of the Transfer, the Property had an approximate value of $600,000.00.

21.     Upon information and belief, at the time of the Transfer there was a single encumbrance against the Property that secured the repayment of a debt in the approximate amount of $300,000.00.

### d. Debtor's Financial Condition

22.     On his bankruptcy disclosure forms, Debtor scheduled total assets worth $2,725.00. [Doc. No. 1, page 56 of 68].

23.     Also on his bankruptcy disclosure forms, Debtor scheduled total liabilities of approximately $127,634.00.  [Doc. No. 1, page 46 of 68].

24.     Debtor scheduled the dates on which he incurred the various claims that he scheduled on his *Schedule E/F: Creditors Who Have* Unsecured *Claims*, and each of the debts were incurred prior to the Transfer.  [Doc. No. 1, pages 37-44 of 68].

25.     Upon information and belief, Debtor incurred each of the claims that he scheduled before he made the Transfer.

26.     Upon information and belief, Debtor owed many creditors money on the date he made the Transfer, and he still owed those creditors money on the Petition Date.

27.     As of the date of filing this Complaint, creditors (the "**Creditors**") have filed $118,938.32 of filed claims (the "**Filed Claims**") against the Bankruptcy Estate.

28.     The deadline for filing claims has passed.

29.     Debtor incurred most, if not all, of the debts represented by the Filed Claims before he made the Transfer.

30.     Upon information and belief, as a result of the Transfer, the value of Debtor's assets was far less than the value of his liabilities.

### COUNT I
### (Avoidance of Transfer Under 11 U.S.C. § 548, and other applicable laws)

31.     Trustee realleges the allegations of paragraphs 1 through 30 above as though fully set forth herein.

32.     Debtor made the Transfer to Defendant less than two years before the Petition Date.

33.     Debtor received less than reasonably equivalent value in exchange for the Transfer.

34.     Debtor was insolvent on the date of the Transfer, or he became insolvent as a result of the Transfer.

35.     Debtor had creditors on the date of the Transfer that he still owed money to on the Petition Date.

36.     Under 11 U.S.C. §§ 548(a)(1)(A) or 548(a)(1)(A), Trustee is entitled to avoid the Transfer made by Debtor to Defendant.

## COUNT II
### (Recovery of the Avoided Transfer under 11 U.S.C. § 550)

37.     Trustee realleges the allegations of paragraphs 1 through 36 above as though fully set forth herein.

38.     Defendant was the initial transferee of the Transfer and/or the person for whose benefit the Transfer was made.

39.     As to the avoided Transfer, under 11 U.S.C. § 550(a)(1), Trustee is entitled to a judgment against the Defendant, with the judgment providing that Trustee recover the interest in the Property transferred through the avoided Transfer, or the value of the same.

## COUNT III
### (Preservation of the Avoided Transfer under 11 U.S.C. § 551)

40.     Trustee realleges the allegations of paragraphs 1 through 36 above as though fully set forth herein.

41.     As to the avoided Transfer, such Transfer is automatically preserved for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551.

**COUNT IV**
**(Avoidance of Equitable Interest under 11 U.S.C. § 544(a)(3))**

42.    Trustee realleges the allegations of paragraphs 1 through 36 above as though fully set forth herein.

43.    Debtor claims that he made the Transfer because of a prenuptial agreement (the "**Prenuptial Agreement**") between Debtor and Defendant.

44.    However, the Prenuptial Agreement expressly carves out the property with a common address of 332 Meadows Lane, Canton, GA (the "**Canton Property**") from the Prenuptial Agreement obligation.

45.    Upon information and belief, Debtor and Defendant used the proceeds from the sale of the Canton Property to buy the Property solely in the name of Defendant, who on the same day transferred a one-half interest in the Property to Debtor.

46.    As a result, the Property itself is carved out from the Prenuptial Agreement.

47.    Nevertheless, the Court may determine that the Prenuptial Agreement created an equitable interest in the Property in favor of Defendant.

48.    The Prenuptial Agreement was not recorded in the Real Estate Records.

49.    Under Section 544(a)(3), Trustee holds the rights and powers of a hypothetical bona fide purchaser.

50.    Trustee is entitled to a judgment against Defendant determining that in his position as a hypothetical bona fide purchaser, he defeats any equitable claim of Defendant in the Property under 11 U.S.C. § 544(a)(3).

## COUNT V
**(Avoidance of Transfer Under 11 U.S.C. § 547; alternative count)**

51.     Trustee realleges the allegations of paragraphs 1 through 30 above as though fully set forth herein.

52.     Debtor claims that he made the Transfer because of a prenuptial agreement (the "**Prenuptial Agreement**") between Debtor and Defendant.

53.     The Prenuptial Agreement is dated February 1, 2008.

54.     The Prenuptial Agreement expressly carves out the property with a common address of 332 Meadows Lane, Canton, GA (the "**Canton Property**") from the Prenuptial Agreement obligation.

55.     Upon information and belief, Debtor and Defendant used the proceeds from the sale of the Canton Property to buy the Property solely in the name of Defendant, who on the same day transferred a one-half interest in the Property to Debtor.

56.     As a result, the Property itself is carved out from the Prenuptial Agreement.

57.     Nevertheless, the Court may determine that the Prenuptial Agreement created an obligation for Debtor to transfer his one-half interest in the Property to Defendant.

58.     The Transfer was a transfer of an interest of Debtor in the Property.

59.     If the Court determines that the Prenuptial Agreement created an obligation for Debtor to transfer his one-half interest in the Property to Defendant, the Transfer was made on account of an antecedent obligation (the "**Debt**") owed by Debtor before the Transfer was made.

60.     The Transfer was made to or for the benefit of Defendant.

61.     The Transfer was made on account of the Debt owed by Debtor to Defendant before the Transfer was made.

62.     The Transfer was made while Debtor was insolvent.

63.     The Transfer was made within 90 days of the Petition Date.

64.     The Transfer enabled Defendant to receive more than Defendant would have received if: (i) the Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) Defendant received payment of the Debt to the extent provided by the provisions of the Bankruptcy Code.

65.     Based on the circumstances of the Case, Trustee has conducted reasonable due diligence and determined that Defendant has no valid affirmative defenses under Section 547(c) of the Bankruptcy Code to the claims Trustee is raising in this adversary proceeding.

66.     Trustee may avoid the Transfer under 11 U.S.C. § 547.

## COUNT VI
### (Recovery of the Avoided Transfer under 11 U.S.C. § 550; alternative count)

67.     Trustee realleges the allegations of paragraphs 1 through 30 and 51-66 above as though fully set forth herein.

68.     Defendant was the initial transferee of the Transfer and/or the person for whose benefit the Transfer was made.

69.     As to the avoided Transfer, under 11 U.S.C. § 550(a)(1), Trustee is entitled to a judgment against the Defendant, with the judgment providing that Trustee recover the interest in the Property transferred through the avoided Transfer, or the value of the same.

## COUNT VII
### (Preservation of the Avoided Transfer under 11 U.S.C. § 551; alternative count)

70.     Trustee realleges the allegations of paragraphs 1 through 30 and 51-69 above as though fully set forth herein.

71.     As to the avoided Transfer, such Transfer is automatically preserved for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551.

### Reservation of Rights

72.     Trustee reserves the right to amend this Complaint to add additional parties, to add additional transfers, and to assert additional claims, including but not limited to any and all claims arising under Title 11 of the United States Code or other applicable law. Trustee intends to avoid all avoidable transfers from Debtor to Defendant, under applicable laws, and to recover the same, or the value of the same, for the benefit of the Bankruptcy Estate.

WHEREFORE, Trustee prays that this Court enter a judgment in favor of Trustee and against the Defendant:

a)     avoiding the Transfer under 11 U.S.C. §§ 548(a)(1)(A) or 548(a)(1)(B);

b)     authorizing Trustee to recover from Defendant the Property interest transferred through the Transfer that is avoided, or the value of the same, under 11 U.S.C. § 550;

c)     preserving the avoided Transfer for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551;

d)     determining that Defendants does not hold any equitable interest in the Debtor's one-half interest in the Property that he owned prior to the Transfer;

e)     alternatively,  avoiding the Transfer under 11 U.S.C. § 547; and

f)     granting such other and further relief as is just and proper.

Respectfully submitted this 22nd day of April, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**EXHIBIT "A" FOLLOWS**

DEED B: 61070 P: 00185
03/04/2024 09:12 AM Pgs: 1 Fees: $25.00
TTax: $0.00
Tiana P Garner, Clerk of Superior Court
Gwinnett County, GA
PT-61 #: 0672024004452
ERECORDED
eFile Participant IDs: 2122884004,

Record and Return to:
Law Offices of David M. Lawler, Inc.
P.O. Box 2386
Dacula, GA 30019
770-904-5115
File No. 24-056
No Title Exam – Deed Prep Only

## Quitclaim Deed

STATE OF GEORGIA
COUNTY OF GWINNETT

THIS INDENTURE, made the 29th day of February, 2024, between

**PEACE NUWAGABA and ALEX NUWAGABA,**

as party or parties of the first part, hereinafter called Grantor, and

**PEACE NUWAGABA,**

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of one dollar ($1.00) and other valuable considerations in hand paid at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, by these presents does hereby remise, convey and forever QUITCLAIM unto the said grantee,

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 2 OF THE 3RD DISTRICT, DUNCAN'S 1749 GMD, HEADRIGHT, GWINNETT COUNTY, GEORGIA, BEING LOT 36, BLOCK KK, RIDGEBROOKE AT HAMILTON MILL (AKA PHASE 8B) FOR HAMILTON MILL - A HOME TOWN, AS PER PLAT RECORDED IN PLAT BOOK 95, PAGE 1, GWINNETT COUNTY, GEORGIA RECORDS, SAID PLAT BEING INCORPORATED HEREIN AND MADE REFERENCE HERETO; BEING PARCEL ID # R3002B-218.**

Subject to any mortgages, covenants and restrictions of record.

TO HAVE AND TO HOLD the said described premises to grantee, so that neither grantor nor any person or persons claiming under grantor shall at any time, by any means or ways, have, claim or demand any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, Grantor has signed and sealed this deed, the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____(Seal)
Peace Nuwagaba

_____
Notary Public

_____(Seal)
Alex Nuwagaba

DAVID M. LAWLER
NOTARY PUBLIC
GWINNETT COUNTY
STATE OF GEORGIA
My Comm. Expires July 07, 2027